IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-80,939-01, WR-80,939-02 AND WR-80,939-03




EX PARTE ERIC REED MARASCIO, Applicant




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W380-80601-09-HC, W380-80602-09-HC AND W380-80603-09-HC 
IN THE 380TH DISTRICT COURT 
FROM COLLIN COUNTY




            Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three
charges of bail jumping or failure to appear and sentenced to eight years’ imprisonment for each
charge, to run concurrently. 
            Applicant contends, among other things,


 that his convictions in these three charges violate
the constitutional prohibition on double jeopardy. We order that this application be filed and set for
submission to determine whether 1) the double jeopardy issue was preserved by trial counsel’s plea
of prior jeopardy; 2) whether double jeopardy is available as a free-standing claim on post-conviction
habeas review where the issue was preserved at trial but not raised on direct appeal; and 3) whether
convictions for multiple charges of failure to appear arising from a single failure to appear constitute
double jeopardy. The parties shall brief these issues.
            The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court on or before August 5, 2014.
 
Filed: May 7, 2014
Do not publish